# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Robin L. Boucher<br>Cary D. Boucher,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT, successor in Interest to Mortgage Electronic Registration Systems, Inc. as nominee for National Future Mortgage, Inc.,<br><br>    Defendant. | Civil Action No. 1:22-cv-11894 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT, successor in Interest to Mortgage Electronic Registration Systems, Inc. as nominee for National Future Mortgage, Inc. NewRez LLC dba Defendant Mortgage Servicing ("Defendant"), by and through its counsel, Day Pitney LLP ("Day Pitney"), and pursuant to Chapter 28, Sections 1332, 1441 and 1446 of the United States Code, hereby removes the civil action pending in the Trial Court of Massachusetts, Superior Court Department, Worcester County, as civil action number 2285CV01149 (the "State Court Action"), and all claims and causes of action therein, to the United States District Court, District of Massachusetts. The grounds for removal are as follows:

### Service

1. On or about October 12, 2022, Plaintiffs Robin L. Boucher and Cary D. Boucher ("Plaintiffs") initiated the State Court Action by filing a Civil Complaint (the "Complaint") and

113091272

-2-

requesting an injunction to prevent Defendant from transferring the rights, title and interest in the property located at 7 Fairbanks Lane, North Reading, MA (the "Property").

2. Defendant received a copy of the Complaint on October 13, 2022.

3. This Notice of Removal was timely filed in this Court on November 9, 2022.

**Pleadings and Notice to State Court**

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in the State Court Action are attached to this Notice as Exhibit A.

5. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiffs and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Worcester County.

6. Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Defendant will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

**Timeliness of Removal**

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, because it was filed within thirty (30) days of Defendants' notice of the Complaint.

8. No prior removal of this action has been attempted.

**Statement of Grounds for Removal**

9. This action is within the jurisdiction of the United States District Court, District of Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." See 28 U.S.C. § 1332(a)(l).

10. This action is removable because it is a civil action involving a matter in controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different states under 28 U.S.C. § 1332.

## Venue

11. Venue is 1446(d), proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the "district court of the United States for the district and division embracing" Worcester County, Massachusetts, the place where the State Court Action is pending.

## The Parties are Citizens of Different States

12. Plaintiffs represented in the Complaint that they reside at the Property, which is located in the Commonwealth of Massachusetts.

13. Defendant is a corporation with its headquarters located at 60 Livingston Avenue, St. Paul, MN 55107-2292.

## The Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold

14. The essence of the controversy in the instant matter is the claim made by Plaintiffs that Defendants improperly foreclosed on the mortgage given by Plaintiffs to Mortgage Electronic Registration Systems ("MERS") acting solely as nominee for National Future Mortgage, Inc. ("NFM"), dated July 28, 2008, and recorded with the Registry of Deeds for Middlesex County, Massachusetts (the "Registry") in Book 51535, at Page 48, on August 8, 2008 (the "Mortgage"). *See* Exhibit B (a true and correct redacted copy of the Mortgage).

15. The Mortgage was assigned by MERS to New York Community Bank ("NYCB"), by virtue of an assignment dated July 28, 2008 and recorded with the Registry in

Book 55182, at Page 450, on August 17, 2010 (the "MERS Assignment").  *See* Exhibit C (a true and correct redacted copy of the MERS Assignment).

16. The Mortgage was further assigned by NYCB to Nationstar Mortgage LLC ("Nationstar"), by virtue of an assignment dated May 25, 2011 and recorded with the Registry in Book 56958, at Page 129, on June 7, 2011 (the "NYCB Assignment").  *See* Exhibit D (a true and correct redacted copy of the NYCB Assignment).

17. The Mortgage was further assigned by Nationstar to Defendant, by virtue of an assignment dated May 17, 2018 and recorded with the Registry in Book 71030, at Page 431, on May 18, 2018 (the "Nationstar Assignment").  *See* Exhibit E (a true and correct redacted copy of the Nationstar Assignment).

18. The amount in controversy in this case meets the jurisdictional threshold for three reasons.  First, the original principal amount of the Mortgage is two hundred forty-five thousand dollars ($245,000.00).  As the First Circuit has held, the face value of a mortgage in a foreclosure matter is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.  *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-value-of-the-loan rule, of course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through strategic timing of filing"); *Barbosa v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-12236-DJC, 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013) (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

19. Second, the unpaid principal balance of the Mortgage, which does not include interest or advances, was two hundred forty-two thousand seven-hundred twenty-five dollars and

thirty-seven cents ($242,725.37) as of October 25, 2022, and the total underlying debt is significantly higher on account of substantial arrears.  Courts have also held that the amount owed under the loan is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.  *See Garland v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *1-3 (D. Minn. Jun. 16, 2009) (holding, in part, that in a foreclosure the amount in controversy is the underlying debt of the property).

20. Finally, the online assessment database for North Reading, Massachusetts values the Property for year 2023 at one million forty thousand six hundred dollars ($1,040,600.00). *See* Exhibit F.

21. Where the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object at issue.  *Issokson v. One West Bank, FSB*, No. 12-11743-LTS, 2013 U.S. Dist. LEXIS 2729, at *2 (D. Mass. Jan. 8, 2013).  In a foreclosure action, the object of the litigation is the property.  *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667, No. 2010 WL 262985, at *4 (N.D. Cal. June 29, 2010) (stating that "if the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation").  In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.  *Barbosa*, 2013 WL 4056180, at *5 (holding, in part, that the appraisal of the property is an indication of the value of the property).

22. Thus, because the face value of the Mortgage and the assessed value of the Property exceed the $75,000.00 jurisdictional minimum, the amount in controversy requirement is satisfied.

**WHEREFORE**, for the reasons set forth above, Defendant respectfully removes the State Court Action to this Court.

Respectfully submitted,

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, SUCCESSOR IN INTEREST TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR NATIONAL FUTURE MORTGAGE, INC.,**

By their attorneys,

*/s/ Thomas J. O'Neill*
Thomas J O'Neill (BBO #559701)
tjoneill@daypitney.com
Day Pitney LLP
One Stamford Plaza
273 Tresser Boulevard, 7th Floor
Stamford, Connecticut 06901
T: (203) 977-7557

*/s/ Michael K. Lane*
Michael K. Lane (BBO# 673501)
mlane@daypitney.com
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
DATED:     November 9, 2022     Tel.: (617) 345-4624

-7-

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on November 9, 2022.

                                              */s/ Michael K. Lane*
                                              Michael K. Lane