UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Robin L. Boucher and Cary D. Boucher,<br><br>   Plaintiffs,<br><br>v.<br><br>U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT, successor in Interest to Mortgage Electronic Registration Systems, Inc. as nominee for National Future Mortgage, Inc.,<br><br>   Defendant. | Civil Action No. 4:22-cv-11894-NMG |

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO DISMISS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT, ("Defendant"), by and through its counsel, Day Pitney LLP ("Day Pitney"), herein submits this memorandum in support of its motion to dismiss the amended complaint filed by Robin L. Boucher and Cary D. Boucher (the "Plaintiffs") in the Worcester Superior Court on October 12, 2022 (the "Complaint") and removed to the U.S. District Court for the District of Massachusetts on November 9, 2022.

**I.  INTRODUCTION**

Plaintiffs filed a state court action the day before a duly noticed foreclosure sale seeking to enjoin the foreclosure that was scheduled as a result of Plaintiffs' failure to satisfy their payment obligations under a promissory note and mortgage. In addition to the temporary injunction relief sought, the Plaintiffs' seek a declaratory judgment with respect to Defendant's ability to foreclosure. The claims set forth in the Complaint lack merit because:

113126468

1. Even if claims against the underlying note are barred by the six-year statute limitations as argued by Plaintiffs, a lender can still enforce its rights under a mortgage and foreclose.

2. In addition to forwarding the notice of foreclosure sale to several other addresses, including Florida as acknowledged by Plaintiffs, Defendant also properly mailed the notice to Plaintiffs at the Property.

3. Plaintiffs lack standing to challenge the assignment because they are not parties to the assignment agreement and, in any event, the assign is valid under Massachusetts law.

4. Both owners of a mortgaged property do not have to be signatories to the promissory note before the lender can exercise its foreclosure rights. .

**II.   FACTS**

1. Through the Complaint, Plaintiffs alleged that they reside at 7 Fairbanks Lane, North Reading, Massachusetts (the "Property") and are the deed title holders to the Property. Compl. ¶¶ 1-2, 5.

2. On July 28, 2008, Plaintiffs granted a mortgage to Mortgage Electronic Registration System, Inc., as nominee for National Future Mortgage, Inc., and recorded with the Middlesex (South District) Registry of Deeds in Book 51535, Page 48 (the "Mortgage"). Exhibit 1, Mortgage. The Mortgage secured a note in the original principal amount of $245,000.00 (the "Note"), which mortgage of record encumbers the Property.

3. The Mortgage was initialed and executed by Robin L. Boucher, who signed as a "borrower". Exhibit 1, Mortgage.

4. The Note was not executed by Robin L. Boucher. Exhibit 2, Note.

5.      The Complaint alleges that the last payment on the Note was more than six years ago and "as a consequence of the lapse of six years since the last payment on the Note, as a matter of Massachusetts state law the Note is no longer enforceable and is no longer collectible." Compl. ¶ 6.

6.      On June 7, 2011, National Future Mortgage, Inc. assigned its interest in the Note and Mortgage to Nationstar Mortgage LLC, which assignment is recorded in Book 56598 at Page 129 of the Middlesex (South District) Registry of Deeds.

7.      On May 18, 2018, Nationstar Mortgage, LLC assigned its interest in the Note and Mortgage to Defendant, which assignment is recorded in Book 71030 at Page 432 of the Middlesex (South District) Registry of Deeds (the "Assignment").  Exhibit 3, Assignment.

8.      The Assignment was executed by Nationstar Mortgage LLC's representative and Vice President of Loan Documentation, Holly Hardy, who Plaintiffs allege has been criminally charged by the United States Attorney's Office for participating in a racketeering operation that involved investment and securities fraud, mortgage fraud, and the distribution of marijuana. Compl. ¶ 13; Compl. at 20-22, Ex X[1], Dec. 3, 2014 Press Release; *see also* Exhibit 3, Assignment.[2]

---

[1] The Complaint attached several unnumbered exhibits in support. Accordingly, this memorandum will cite to those exhibits by page number as filed with the Complaint.

[2] Holly Hardy's signature on the Assignment was acknowledged by a notary public in Florida, the same state referenced as the address for the assignor Nationstar, *see* Ex. 3, Assignment, yet the press release attached to the Complaint at pages 20-22 references a real estate agent named "Holly Hardy Pasut" and relates to alleged events that occurred in North Carolina. *See id*. By submitting only the first page of the Assignment and omitting the notary page, Plaintiffs omit from the record all of the facts.  Even if the press release was relevant or provided Plaintiffs with a defense, which as noted below it does not, Plaintiffs have not submitted any evidence that the 2014 press release concerning a real estate agent named Holly Hardy Pasut in North Carolina, is the same individual as Holly Hardy, Vice President of Loan Documentation who signed the Assignment in Florida in 2018.

9. On September 23, 2020, the Massachusetts Land Court entered a default judgment against Plaintiffs, ordering and declaring, to the extent that there was ever any dispute, that the Mortgage "is hereby reformed to include Robin L. Boucher as a borrower." Exhibit 4, Land Court Judgment.

10. On August 15, 2022, Defendant noticed a foreclosure sale for the Property, with the sale to occur on October 13, 2022. Compl, at 9; Exhibit 5, Notice of Foreclosure Sale.

11. Plaintiffs allege that Defendant never sent a copy of the notice of foreclosure sale to them at the Property and, instead, sent the notice of foreclosure sale to an address in Florida, and then, the recipient forwarded a copy to Plaintiffs at the Property. Compl. ¶ 9.[3]

12. Through these allegations, Plaintiffs state several legal conclusions which they aver support their causes of action and claims for relief.

13. First, Plaintiffs allege that the lapse of six years since payment on the Note likewise renders the Mortgage unenforceable. Compl. ¶ 7.

14. Second, Plaintiffs allege that Defendant's mailing of a notice of foreclosure sale to an address in Florida, instead of to Plaintiffs at the Property, resulted in non-compliance with Massachusetts' notice requirements to foreclose.

15. Third, although the Complaint does not contain any factual allegations linking Nationstar's Vice President of Loan Documentation, Holly Hardy, to North Carolina real estate agent Holly Hardy Pasut, or allege how Holly Hardy Pasut's criminal charges relate to or impact the Assignment, Plaintiffs allege that "[w]ithout a proper and authorized signature, any assignment is invalid." Compl. ¶ 14.

---

[3] By attaching only the notice sent to an address in Florida, instead of the copy of the notice sent to the Property, Plaintiffs again attempt to omit from the record before this Court document central to the claims asserted in their Complaint.

16. Fourth, Plaintiffs allege that because Robin L. Boucher did not executed the Note, the Mortgage securing the Note is invalid.

**III.  STANDARD – MOTION TO DISMISS**

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Jones v. Experian Info. Sols., Inc.*, 141 F. Supp. 3d 159, 161 (D. Mass. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The First Circuit has explained that "[t]he plausibility inquiry necessitates a two-step pavane." *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (citing *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678)).  The court "need not credit a complaint's 'bald assertions' or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996)).

When ruling on a Rule 12 motion, the Court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it," which "sometimes includes documents referred to in the complaint but not annexed to it" and "matters that are susceptible to judicial notice." *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004).  The Court can also consider certain extrinsic information, such as matters of public record, without converting a motion to dismiss into a motion for summary judgment. *Freeman v. Town of Hudson*, 714 F.3d

29, 36 (1st Cir. 2013); *see also Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (court may consider "documents the authenticity of which are not disputed by the parties; for official public records; **for documents central to plaintiffs' claim**; or for documents sufficiently referred to in the complaint") (emphasis added).

Here, the Note and Assignment are annexed to the Complaint, and while not annexed to the Complaint, the Mortgage is referenced throughout, is a matter of public record, and is properly before this Court.  Additionally, while the Complaint annexes a notice of foreclosure sale mailed to Florida, central to the Plaintiffs' claim is the alleged absence of a notice of foreclosure sale mailed to the Property. "When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998).  Accordingly, this Court may also consider the notice of foreclosure sale sent certified mail to the Plaintiffs at the Property.  Exhibit 5, Notice of Foreclosure.

With the Note, Mortgage, Assignment, Land Court Judgment, and notice of foreclosure sale properly before this Court, and for the reasons discussed herein, Plaintiffs fail to allege facts that state a claim to relief that is plausible on its face.  As a result, the Amended Complaint must be dismissed.

**IV.   ARGUMENT**

    A. <u>The Statute of Limitations does not bar Defendant's Foreclosure.</u>

Plaintiffs alleged that the Note is unenforceable because it has been more than six years since their last payment and initial default.  Compl. ¶6. Referencing the running of the statute of

limitations, Plaintiffs claim that the Note is therefore no longer collectible, which in turn renders the Mortgage securing that Note being unenforceable. Assuming that Plaintiffs are advancing a statute of limitations argument pursuant to G.L. c. 106, § 3-118, which is the six-year statute of limitations to bring an action on the Note, this argument lacks merit and has been rejected repeatedly at the trial and appellate levels.

In *Duplessis v. Wells Fargo Bank, N.A.*, the Massachusetts Appeals Court held that "the statute of limitations found at G.L. c. 106, § 3-118(a), does not apply to foreclosures." *Duplessis v. Wells Fargo Bank*, N.A. 16-P-1040, 2017 WL 2332709, at *2 (Mass. App. Ct. May 30, 2017) (Rule 1:28 Decision). As the Court explained, "Section 3-118(a) is addressed to actions to enforce 'notes.' A mortgage is not a negotiable instrument and is not a note... Article 3 of the UCC, as adopted in Massachusetts, does not govern mortgages." *Id.* Accordingly, even if the mortgagor cannot be pursued personally through an action on the note, the Appeals Court held "[t]hat does mean, however, that [the] mortgagee cannot foreclose." *Id.* at *3 (citing *Christakis v. Jeanne D'Arc Credit Union*, 471 Mass. 365, 367 (2015) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991)). "A foreclosure is an action *in rem*, which survives," and "like a bankruptcy discharge, UCC § 3-118 applies to [the mortgagor's] note, but does not prevent *in rem* proceedings against the property."[4]  *Id.*

Other Massachusetts decisions, including those from this Court, addressing the applicability of Section 3-118 in this context have uniformly agreed with the holding in *Duplessis*, and have rejected the statute's purported applicability to mortgages because "[w]hile the Statute of Limitations may bar the collection of a note more than six years overdue, it has no effect on the *in rem* rights in the title to the property. Thus, while the mortgagee may not be able

---

[4] The Supreme Judicial Court denied further appellate review.

to bring an action for a deficiency under the note, it may still foreclose the mortgage." *Junior v. Wells Fargo Bank, N.A.*, Civ. No. 17-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017); *see also Harrington v. Cenlar FSB*, 16 MISC 000013 (KFS), 2018 WL 1724988, at *2 (Mass. Land Ct. Apr. 6, 2018) (G.L. c. 106, § 3-118 "applies to notes and other negotiable instruments, and not mortgages").

This rationale is premised on the longstanding jurisprudence that "[t]he promissory note and the mortgage co-exist, and provide the creditor 'a double remedy, one upon his deed, to recover the land, another upon the note, to recover a judgment and execution for the debt.' *Harrington*, 2018 WL 1724988, at *2 (quoting *Thayer v. Mann*, 36 Mass 535, 537 (1837). "Although a party may be barred by the statute of limitations from collecting on the note in a contract action, the mortgage remains enforceable, for the debt has not been paid." *Id.* (citing *Munroe v. Stanley*, 220 Mass. 438, 443 (1915) ("[t]he statute of limitations does not extinguish the debt, it merely bars the remedy")); *see also Pearson v. Mulloney*, 289 Mass. 508, 515 (1935) ("A valid mortgage may exist although personal liability on the mortgage note never attached, or has been barred by bankruptcy or the statute of limitations.") (citing, *Cook v. Johnson*, 165 Mass. 245, 247 (1896)). Accordingly, because the statute of limitations does not apply to the *in rem* enforcement of the Mortgage, Plaintiffs' Complaint seeking to declare the Mortgage unenforceable on this basis fails as a matter of law.

Additionally, on its face, the Note matures on August 1, 2038, and the Complaint does not allege that the Note was accelerated more than six years ago. G. L. c. 106, § 3–118 states that an action "to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Notwithstanding that the

enforcement of the Mortgage is independent of Defendant's rights to enforce the Note, the factual allegations of the Complaint fail to establish that the Note is unenforceable.

B. Defendant Properly Provided Notice of the Foreclosure Sale.

Next, Plaintiffs' challenge Defendant's foreclosure by alleging that Defendant failed to provide them with notice of the foreclosure sale in accordance with Massachusetts' law because it forwarded a notice to an address in Florida. The procedure for exercising the power of sale[5] is set forth in G.L. c. 244, § 14, which provides that:

> no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice of the sale has been published[6] once in each of three successive weeks, the first publication of which shall be not less than 21 days before the day of the sale, in a newspaper published in the city or town with the land lies or in a newspaper with general circulation in the city or town where the land lies and notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of the sale, said notice to be mailed by registered mail at least 14 days prior to the date of the sale to said owner or owners . . . to the last address of the owner of the owners of the equity of redemption appearing on the records of the holder of the mortgage . . .

G.L. c. 244, § 14. Here, as the only support for their attempt to invalidate or frustrate the foreclosure, Plaintiffs contend that the notice was defective because the mortgagee forwarded a

---

[5] Pursuant to G.L. c. 183, §21, a mortgagee or its successors and assigns may sell the mortgage premises, by public auction on or near the premises subject to the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the property by proper deed to the purchaser absolutely and in fee simple, and such sale shall forever bar the mortgagor from all right and interest in the mortgage premises, whether at law or in equity.

[6] A notice of sale complying with the form of foreclosure notice set forth in the statute, published in accordance with the power in the mortgage and statute, shall be sufficient notice of the sale. *Id*.

notice to a Florida address where they allegedly did not reside.[7] The notice forwarded to the Florida address that they admittedly received by the recipient of the notice, however, was not the only notice. On August 15, 2022, more than 14 days before the sale scheduled for October 13, 2022, Defendant also forwarded by first class mail and certified mail[8] the notice of sale to Plaintiffs at the Property. Ex. 5, Notice of Foreclosure. Because the notice of sale is central to Plaintiffs' allegations and directly contradicts the allegations of the Complaint, this Court need not accept the allegations as true and, with the notice of sale in the record before this Court, Plaintiffs' allegations of a lack of notice fail to state a plausible claim for relief and must be dismissed.

### C. Plaintiffs Lack Standing to Challenge the Assignment and Even if Plaintiffs had Standing, the Assignment is Valid.

It is widely accepted law in Massachusetts that a borrowers' standing to challenge an assignment to which they are not a party is narrow and limited. *Culhane v. Aurora Loan Servs. Inc.,* 708 F.3d 282, 291 (1st Cir. 2013) ("[A] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election

---

[7] As noted above, because this aspect of Plaintiffs claims are dependent upon the lack of a notice of foreclosure sale, this Court may consider a copy of the notice of sale when ruling on Defendant's motion to dismiss. *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998); *see also Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (court may consider "documents central to plaintiffs' claim").

[8] When sending notices pursuant to G.L. c. 244, § 14, certified mail is sufficient to accomplish noticed "sent by registered mail" as referenced in the statute. *Stephens-Martin v. Bank of New York Mellon Trust Co.*, 2013 WL 5508415 at *11, n. 27 (Mass. Land Court, Oct. 1, 2013) (citing G.L. c. 4, §7). Moreover, "[a]s with the notices under §§ 35A and 35B, this notice requirement 'is satisfied by mailing and non-receipt is irrelevant.'" *Wells Fargo Bank, N.A. v. Coffin*, 2018 WL 5532497 at *10 (Mass. Land Ct. Octo. 29, 2018) (citing *Hull v. Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 25 (1992); *see In re Bailey*, 468 B.R. 464, 473 (Bankr. D. Mass 2012)). "Nowhere in... the relevant statutes... is it required that the [mortgagee] confirm receipt of Notice." *Id.* (citing *Dooling v. James B. Nutter & Co.*, 139 F. Supp. 3d 505, 512 (D. Mass. 2015)).

of one party but otherwise effective to pass legal title."); *see also Butler v. Deutsche Bank Tr. Co. Americas*, 748 F.3d 28, 35 (1st Cir. 2014) ("an assignment that is voidable, but not void, may not be challenged by a homeowner that is not a direct party to, or beneficiary of, the transfer"). Instead, mortgagors' standing is limited to circumstances that would render the assignment void, such as where "the assignor had nothing to assign or had no authority to make an assignment to a particular assignee." *Culhane,* 708 F.3d at 291.

Here, Plaintiffs do not challenge the Assignment as void by alleging that Nationstar Mortgage, LLC did not possess the Note or Mortgage at the time of assignment. Instead, they appear to be challenging the Assignment on the bare allegation that the 2018 Assignment signed in Florida by Holly Hardy as the Vice President of Nationstar was invalid because she was charged with a crime in 2014 by the U.S. Attorney's Office for involvement in a mortgage fraud scheme. Compl. ¶ 9. In further support, Plaintiffs attach a North Carolina press release that includes the name "Holly Hardy Pasut" as a real estate agent involved in the alleged racketeering operation involving "investment and securities fraud, mortgage fraud, and the distribution of marijuana." Compl. at 20-22. Plaintiffs not only fail to allege that the Holly Hardy who signed the 2018 Assignment in Florida as the Vice President of Nationstar is the same individual Holly Hardy Pasut who was the real estate agent in North Carolina who was charged with a crime in 2014, but they also fail to allege any causal connection between the events in 2014 and the execution of the assignment by Nationstar in 2018, or how those alleged events in 2014 would void an assignment executed in 2018.[9]

---

[9] The Complaint makes no link between being charged with a crime and the implicit conclusion that such criminal charges render a signature on an unrelated written instrument invalid. Such a proposition is so antithetical to American Jurisprudence that, without additional supporting allegations from Plaintiffs' for such a claim, it is unclear how Ms. Hardy's criminal charges are

*Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (the court "need not credit a complaint's 'bald assertions' or legal conclusions"). Compl., *passim*. Thus, even taking the allegations of the Complaint as true and drawing <u>reasonable</u> inferences in Plaintiffs' favor, the specific factual allegations fall well short of establishing that the Assignment is void and subject to collateral attack by someone who is not a party to the Assignment contract.

More importantly, the Assignment is valid under Massachusetts law. Pursuant to G.L. c. 183, §54B, assignments shall bind the assigning entity if "executed before a notary public [...] by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary [ ...] of the entity holding such mortgage." In this matter, the Assignment was executed by Holly Hardy, Vice President of Loan Documentation for Nationstar Mortgage, LLC before a notary public. Because Nationstar Mortgage, LLC held the mortgage at the time of the Assignment, and because Ms. Hardy purported to hold the position of Vice President at the time of execution, the Assignment complies with § 54B and assignments which are compliant with § 54B are valid. *See Culhane v. Aurora Loan Servs. Inc.,* 708 F.3d 282, 293-94 (1st Cir. 2013).

Moreover, this Court has repeatedly rejected bare allegations seeking to challenge the authority of the signatory of an assignment or a mortgagee's possession. In *Butler v. Deutsche Bank Tr. Co. Americas*, 748 F.3d 28, 34 (1st Cir. 2014), the plaintiff attempted to challenge the validity of an assignment because the individual executing the assignment executed a large number of documents as an alleged "robo-signer" In affirming the lower court's granting of the defendant's motion to dismiss the First Circuit Court of Appeals stated "[f]ailing to allege any theory as to how Stephan's role as a "robo-signer" would

even relevant to this action, let alone how they state a plausible claim to invalidate an assignment that complies with § 54B.

invalidate the validity of the mortgage transfers, and pleading no other failure to abide by section 54B's requirements, this challenge to the validity of Deutsche Bank's possession fails." *Id.*; *see also Butler v. Deutsche Bank Nat'l Tr. Co. For Am. Home Mortg. Inv. Tr. 2006-3*, No. CV 18-10401-LTS, 2018 WL 4732715, at *3 (D. Mass. Sept. 13, 2018) ("a bald challenge to a mortgagee's possession of a note cannot withstand a motion to dismiss where there is not a shred of evidence supporting the assertion") (citing *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 356 (1st Cir. 2013) (finding that when there is "no serious challenge to either the note's authenticity or [mortgagee's] ownership of it ... [there is] no need to travel down this rabbit hole of baseless suspicion; it is clear no plausible claim rests as its bottom")).

Passing beyond the bald assertions and legal conclusions, the Assignment on its face is in compliance with G.L. c. 183, §54B and is not void, and therefore, there is no valid dispute that the Assignment of the Mortgage constitutes a valid transfer of the Note and Mortgage, including its power of sale. Accordingly, dismissal of this aspect of Plaintiffs' claims is proper.

> D. <u>Robin L. Boucher's Failure to Execute the Note does not Impact Defendant's Foreclosure of the Mortgage.</u>

On its face, Robin L. Boucher initialed and signed the Mortgage as a borrower. See Exhibit 1, Mortgage. Through the Land Court Judgment, the Mortgage has also been reformed to include Robin L. Boucher as a "borrower" as that term is defined under the Mortgage to the extent there was any dispute as to whether she was a borrower. See Exhibit 4, Land Court Judgment. It is irrelevant that Ms. Boucher may not have signed the Note. A mortgage and a note are separate instruments that provide a lender with separate remedies. See *Harrington*, 2018 WL 1724988, at *2 (quoting *Thayer v. Mann*, 36 Mass 535, 537 (1837). As such, Defendant need not establish Robin L. Boucher's personal liability on the corresponding Note

for the Mortgage to be valid. *See Pearson v. Mulloney*, 289 Mass. 508, 515 (1935) ("A valid mortgage may exist although personal liability on the mortgage note never attached"). Because the Mortgage is a valid encumbrance on both Plaintiffs' interest in the Property, based on the default of the payment obligations required by the Note and Mortgage, Defendant has a right to foreclosure under the power of sale independent of any rights it may possess under the Note. Accordingly, dismissal of this aspect of Plaintiffs' claim is warranted.

## V. CONCLUSION

**WHEREFORE**, for the reasons set forth above, Defendant respectfully prays that this Court enter an order dismissing all claims asserted by Plaintiffs in their Complaint and grant such further relief as this Court deems just and proper.

Respectfully submitted,

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, SUCCESSOR IN INTEREST TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR NATIONAL FUTURE MORTGAGE, INC.,**

By their attorneys,

*/s/ Thomas J. O'Neill*
Thomas J O'Neill (BBO #559701)
tjoneill@daypitney.com
Day Pitney LLP
One Stamford Plaza
273 Tresser Boulevard, 7th Floor
Stamford, Connecticut 06901
T: (203) 977-7557

*/s/ Michael K. Lane*
Michael K. Lane (BBO# 673501)
mlane@daypitney.com
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
Tel.: (617) 345-4624

DATED:     December 16, 2022

## LOCAL RULE 7.1(a)(2) CERTIFICATE OF COMPLIANCE

I, Michael K. Lane, hereby certify that on the 15th and 16th days of December, 2022, I attempted to confer with counsel for Plaintiffs in a good faith attempt to narrow or resolve the issues raised in this motion, but did not receive any response.

*/s/ Michael K. Lane*
Michael K. Lane

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on December 16, 2022.

*/s/ Michael K. Lane*
Michael K. Lane