-4-

# EXHIBIT 4

-4-



COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT



Bk: 75991 Pg: 487   Doc: JUD
Page: 1 of 3   10/27/2020 08:47 AM

MIDDLESEX, ss.

MISCELLANEOUS CASE
No. 19 MISC 000043 (GHP)

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR RMAC TRUST SERIES 2016-CTT, <br><br> Plaintiff, <br><br> v. <br><br> CARY D. BOUCHER; ROBIN L. BOUCHER; AUSTIN PREPARATORY SCHOOL; and DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

I HEREBY ATTEST AND CERTIFY ON
October 19, 2020 THAT THE
FOREGOING DOCUMENT IS A FULL
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY
DEBORAH J. PATTERSON
RECORDER
LAND COURT  1 of 3  MM

# <u>DEFAULT JUDGMENT</u>

On January 22, 2019, plaintiff U.S. Bank National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust Series 2016-CTT ("Plaintiff") filed this action seeking from the court a declaratory judgment that reforms the subject mortgage to add defendant Robin L. Boucher as a borrower. Defendants Cary D. Boucher, Robin L. Boucher, Austin Preparatory School, and Department of Treasury-Internal Revenue Service ("Defendants"), having been duly served and having failed to answer or otherwise defend, have been defaulted by the court pursuant to Mass. R. Civ. P. 55 (a).

1

A hearing was held on plaintiff's motion pursuant to Mass. R. Civ. P. 55 (b)(2), seeking entry of judgment by default, and supported by verified complaint and a memorandum of law, and despite notice as required by Mass. R. Civ. P. 55 (b)(2), no defendant appeared. After due proceedings, plaintiff's motion for default judgment is **ALLOWED**. It is further

**ORDERED, ADJUDGED and DECLARED** that the mortgage ("Mortgage"), dated July 28, 2008, granted by Cary D. Boucher to Mortgage Electronic Registration System, Inc., as nominee for National Future Mortgage, Inc., and recorded with the Middlesex (South District) Registry of Deeds ("Registry") in Book 51535, Page 48, securing a note in the original principal amount of $245,000.00, which mortgage of record encumbers a property ("Property") known 7 Fairbanks Lane, North Reading, Middlesex County, Massachusetts, is hereby reformed to include Robin L. Boucher as a borrower. It is further

**ORDERED and ADJUDGED** that nothing in this Judgment shall extend to, alter, impair, diminish, or affect the right, title and interest in the Property of or as to any person or entity who (i) is not an individually-named party to this proceeding, or (ii) does not hold his, her, or its interest in the Property by, through, or under an individually-named party to this proceeding. It is further

**ORDERED** that, upon payment of all fees established by law, this Judgment, or a certified copy of it, may be recorded with the Registry, and there may be referenced marginally on the record of the Mortgage. It is further

**ORDERED** that within ten days of the date of this Judgment, plaintiff shall cause a xerographic copy of this Judgment to be mailed via first-class mail to the defendants. Plaintiff shall, within seven days after mailing the Judgment file with the court a certificate of plaintiff's

compliance with the provisions of this paragraph of this Judgment.

By the Court. (Piper, C.J.) /s/ *G. H. Piper*

Attest:

/s/ *Deborah J. Patterson*
Deborah J. Patterson
Recorder

Dated: September 23, 2020

3